Larry Allen **DENNIS**, Appellant,

v.

**COMMONWEALTH of Kentucky,** Appellee.

74–1154.

Court of Appeals of Kentucky.

June 20, 1975.

Jack Emory Farley, Public Defender, Vincent D. Giovanni, Asst. Public Defender, Frankfort, for appellant.

Ed W. Hancock, Atty. Gen., Frankfort, Patrick B. Kimberlin, III, Asst. Atty. Gen., Frankfort, for appellee.

VANCE, Commissioner.

This is an appeal from a judgment which sentenced appellant to confinement in the penitentiary upon conviction of two counts of knowingly receiving stolen property. KRS 433.290.

The appellant, Larry Allen Dennis, and his brother, Douglas Lee Dennis, were indicted jointly, tried together, and both were convicted. Only Larry Allen Dennis appeals.

At the time of his arrest Douglas Lee Dennis admitted guilt and expressed a desire to "take the whole rap" because he thought the jury would go easier with him than with his brother since his brother was already on probation on another charge.

At the trial Douglas Lee Dennis testified that he made the admission of guilt "because I thought it would go easier on me than it would on Larry because he's got a wife and kids". He also testified that the only reason he made the statement was to help out his brother, the appellant.

The Commonwealth claimed the two statements were inconsistent and was permitted, over objection, to *impeach* the witness by the introduction into evidence of the original statement which of course brought before the jury the fact that appellant was already upon probation from another sentence.

In Commonwealth v. Jackson, Ky., 281 S.W.2d 891 (1955), we held it proper to introduce an inconsistent statement of a witness by way of impeachment even though the inconsistent statement implicated the defendant on trial in the commission of a separate offense.

In *Jackson*, however, it was pointed out that the statement used to impeach the witness involved a real inconsistency with the evidence of that witness at the trial in that the testimony at the trial supported the defendant's plea of self-defense to a homicide charge whereas the statement made by the witness shortly after the shooting in no way indicated self-defense but on the contrary indicated that at the time of the shooting the defendant "had a crazy spell on" the same as he had a few days earlier when he had shot at the witness.

Here there is no real inconsistency of substance between the original statement and the testimony of the witness at the trial. In the original statement he expressed a desire "to take the whole rap".

The reason he wanted "to take the whole rap" was because it would go easier upon him than his brother. At the trial, this witness admitted making the confession and again stated his reason for making it was that it would be easier for him than his brother. Although he gave a different reason at the trial than he did when originally questioned for thinking it would go easier with his brother, both statements tended to show he was impelled by a desire to take the whole burden upon his shoulders and spare his brother.

The statement which was used for the ostensible purpose of impeachment did not in fact impeach. Its only real effect was to bring out that the codefendant, who did not testify, was on probation. This was prejudicial error.

■ On another trial the Commonwealth's Attorney will refrain from making any argument to the effect that the jurors, if they fail to convict, cannot complain if they become victims of crime. A Commonwealth's Attorney should limit himself to reasonable comments upon the evidence and reasonable inferences which may be drawn therefrom.

We find no merit in appellant's other allegations of error.

The judgment is reversed for proceedings consistent with this opinion.

All concur except REED, C. J., and JONES, J., dissenting.