Wayne LYCANS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Supreme Court of Kentucky.

Jan. 31, 1978.

Francis D. Burke, Pikeville, for appellant.

Robert F. Stephens, Atty. Gen., J. Gerald Henry, Asst. Atty. Gen., Frankfort, for appellee.

STERNBERG, Justice.

The appellant was charged with and, in due time, pled guilty in the Pike Circuit Court to the offenses of armed robbery, malicious shooting at without wounding, malicious striking with intent to kill, escape from jail, and an attempt to escape from jail. His sentences were ordered to run concurrently. While in jail awaiting trial, appellant's efforts to be released from custody on bail proved fruitless. *Lycans v. Burke etc.*, Ky., 453 S.W.2d 8 (1970). Subsequent to his trial and sentencing, appellant filed two successive, unsuccessful RCr 11.42 motions to set aside the judgment. He appealed to this court from the order of the trial court denying the latter motion, where it suffered the same unsuccessful fate. *Lycans v. Commonwealth*, Ky., 511 S.W.2d 232 (1974). Thereupon, the appellant filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of Kentucky. The petition was granted and the Commonwealth was ordered to resentence appellant within 120 days from October 4, 1976, which was done. The extent of the penalty that should be adjudged against the appellant for armed robbery was tried to and determined by a jury, and fixed at life imprisonment. This appeal is from that judgment.

The circumstances surrounding the commission of the offense of armed robbery, which resulted in the remaining charges, are these. James Dotson operated a small store at Stone, Pike County, Kentucky. In

November, 1969, the appellant, using a deadly weapon and accompanied by an accomplice, robbed Dotson of his money. In the course of the robbery Dotson was handcuffed, sprayed with a chemical, and beaten over the head, face and body until he was unconscious. After the robbery Dotson was hospitalized, where he remained in a coma for seven or eight days. Claude Trout, a regular neighborhood customer of Dotson's, testified that he went to Dotson's store on the present occasion to buy a soft drink; that the store's door was locked; that when he couldn't get in, he hollered for Dotson; and that upon receiving no response, he looked in a window, where he saw the appellant. The appellant shot at him, but missed. Objection was made to this testimony, but it was overruled by the court.

On this appeal appellant presents two issues:

"1. Where, on a plea of guilty, a charge or armed robbery is submitted to a trial jury for the fixing of punishment, may the Commonwealth introduce evidence of other offenses committed during the robbery to enhance punishment?

2. Where, on a plea of guilty, a charge of armed robbery is submitted to a trial jury for the fixing of punishment, may the Commonwealth's Attorney make the 'Golden Rule' argument?"

It is significant that while the robbery was actually in progress, appellant shot at Claude Trout. Mr. Trout was outside looking in and appellant was inside looking out. Counsel for appellant objected to the introduction of this testimony, arguing that evidence of other crimes committed during the robbery are not admissible as evidence before a jury that had been impaneled to determine punishment. Also, appellant takes the position that in this particular case this evidence was introduced in an effort to persuade the jury to fix appellant's penalty at the maximum. This, the Commonwealth's Attorney had a right to do.

First of all, the Commonwealth had a right to and did select a jury to fix a penalty for these hideous crimes. *Commonwealth v. Howard*, Ky., 287 S.W.2d 926 (1956). It then became the prerogative of the prosecuting attorney to present to the jury such evidence as would enable it to fully understand and envision the manner in which the robbery was carried out, the identity of the persons charged with the offenses, the motive for the robbery, and any and all other facts pertinent to a full understanding of the circumstances surrounding the commission of the offenses. Appellant argues that since he had pled guilty to the offense of armed robbery, there was no need for this testimony relating to the offense of shooting at without wounding. Be that as it may, the testimony pertained to a part of the sequence of evidence which helped give the jury the entire picture and thus aided its perspective.

The appellant would have this court believe that he was not dealt with fairly. The record does not bear out this supposition. The challenged testimony is unquestionably a part of the res gestae and admissible.

Further, counsel for appellant accuses the Commonwealth's Attorney of making the "Golden Rule" type of argument to the jury. In a criminal case a golden rule type of argument is one that urges the jurors collectively or singularly to place themselves or members of their families or friends in the place of the person who has been offended and to render a verdict as if they or either of them or a member of their families or friends was similarly situated.

In his summation to the jury, the record reflects that the Commonwealth's Attorney said, " * * * They almost beat him to death and left his eye laying out on his cheek and left him laying there handcuffed, bleeding all over. *Suppose that you run a store and somebody comes in on you and does that to you. What's it worth?*" Appellant's counsel objected to the latter statement. The trial judge should have sustained the objection and should have admonished the jury not to consider it for any purpose.

The remarks of a Commonwealth's Attorney to cajole or coerce a jury to reach a verdict is error. However, the criterion is whether the error was prejudicially erroneous. Appellant refers to this type of argument as the "Golden Rule" argument. The Commonwealth argues that the golden rule type of argument is a creature of civil law and not of criminal law. We have referred to this type of argument in civil cases as a golden rule argument. *Stanley v. Ellegood*, Ky., 382 S.W.2d 572 (1964). We have not so referred to it in criminal cases, although we have recognized the salutary principles upon which it is established. *Dennis v. Commonwealth*, Ky., 526 S.W.2d 8 (1975). We have no hesitancy in saying that the golden rule type of argument is applicable in both civil cases and criminal cases.

The Attorney General characterizes the remark of the Commonwealth's Attorney as a reference to the jury collectively rather than individually. The Commonwealth's Attorney appropriately explained to the jury that it was trying the appellant on the robbery charge and that the other cases had been disposed of and should not be considered by it in arriving at a decision in the case on trial. The argument of the Commonwealth's Attorney was short, terse, and to the point. Other than for this one offhand remark, it was wholly within the bounds of propriety. It matters not whether the challenged remarks of the Commonwealth's Attorney in his closing argument referred to the jurors collectively or individually, they were not of such significance as to prejudice the jury.

The judgment is affirmed.

All concur except STEPHENSON, J., who did not sit.