# IMPORTANT NOTICE
## <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

$\mathfrak{Supreme}$ $\mathfrak{Court}$ $\mathfrak{of}$ $\mathfrak{Kentucky}$

2005-SC-000767-MR

ROBERT J. HILL                                APPELLANT

V.
              APPEAL FROM GRAYSON CIRCUIT COURT
              HONORABLE ROBERT A. MILLER, JUDGE
                      NO. 04-CR-00064

COMMONWEALTH OF KENTUCKY                   APPELLEE

**MEMORANDUM OPINION OF THE COURT**

<u>AFFIRMING</u>

Appellant, Robert J. Hill, was convicted by a Grayson Circuit Court jury in September 2005, of: (1) trafficking in a controlled substance, first degree, (2) possession of drug paraphernalia, subsequent offender, and (3) being a persistent felony offender, second degree. For these crimes, Hill was sentenced to twenty-five years in prison. Hill now appeals to this Court as a matter of right. Ky. Const. §110(2)(b). He asserts five arguments in his appeal: (1) that there was insufficient evidence for a jury to convict him of trafficking in a controlled substance, first degree, (2) that the trial court erred in admitting testimony about Hill's name on court papers without producing the papers according to the best evidence rule, (3) that he was denied due process by the Commonwealth's failure to collect the court papers and bag in which drug paraphernalia was

found, (4) that the trial court provided faulty instructions on possession of drug paraphernalia, and (5) that he was denied his right to a fair trial when the Commonwealth's attorney was permitted to make arguments in violation of the "Golden Rule." For the reasons set forth herein, we affirm Hill's convictions.

On or about May 5, 2004, officers of the Leitchfield Police Department came to the home of Sallie Whitehead. Hill was the only person in the house when the police arrived. Upon noticing visible drug paraphernalia, the police obtained a search warrant and searched the house. The search turned up multiple items that could be used in the trafficking and usage of methamphetamines including -- plastic baggies, straws, surveillance equipment found in Whitehead's bedroom, and a glass pipe and scale found in the living room. The scale in the living room was in a bag that contained men's clothing and court papers that the police testified had Hill's name on them. The police did not confiscate the bag or court papers. Several items taken from the house tested positive for traces of methamphetamine including the scale from the bag.

Prior to trial, Hill's counsel filed a <u>motion in limine</u> to prohibit any testimony about the court papers found in the bag with the scale. According to Hill, the best evidence rule required the Commonwealth to first produce the papers prior to introducing any testimony regarding the papers. The trial court overruled this motion and admitted testimony that the court papers contained Hill's name.

At trial, Whitehead testified that the bag and its contents belonged to Hill and that Hill had previously sold her methamphetamine and used it with her. The

2

jury found Hill guilty on all counts and sentenced Hill to twenty-five years. Additional facts will be set forth as necessary in the opinion.

## I. There was sufficient evidence to support a jury verdict that Hill was guilty of trafficking a controlled substance

Hill's first allegation is that he should have been granted a directed verdict on trafficking in a controlled substance because there was insufficient evidence to support a jury verdict on this charge. He argues that since no amount of methamphetamine suitable for sale was found in the house, he cannot be guilty of possession with intent to sell.

In reviewing a trial court's disposition on a directed verdict motion, the proper standard is whether there is evidence sufficient to induce a reasonable juror to believe that the defendant is guilty. Commonwealth v. Benham, 816 S.W.2d 186, 187 (Ky. 1991). The trial court in making its decision must "draw all fair and reasonable inferences from the evidence in favor of the Commonwealth." Id.

In this case, we find that the trial court was correct in rejecting the motion for a directed verdict, and that the verdict reached by the jury is supported by sufficient evidence. "It is unnecessary for a conviction of trafficking in a controlled substance that the controlled substance be seized by the police or that it be introduced at trial." Graves v. Commonwealth, 17 S.W.3d 858, 862 (Ky. 2000). "Conviction can be premised on circumstantial evidence of such nature that, based on the whole case, it would not be clearly unreasonable for a jury to find guilt beyond a reasonable doubt." Id. KRS 218A.1412 also states that "[a]

person is guilty of trafficking in a controlled substance in the first degree when he knowingly and unlawfully traffics in... a controlled substance that contains *any quantity* of methamphetamine. Id. (emphasis added).

While the police may not have found an amount of methamphetamine suitable for sale at the time of the police search, there was adequate circumstantial evidence to prove that Hill had recently possessed such an amount with the intent to sell. The jury heard testimony that Hill had sold methamphetamines to Whitehead. In addition, there were trace amounts of methamphetamine in the house where Hill resided. Sufficient evidence supported the jury's verdict on this charge.

## II. The best evidence rule was not violated by testimony regarding the ownership of court papers in the bag

Hill next alleges that the trial court erred by admitting testimony about ownership of court papers found in a nylon bag containing scales. Hill argues that according to the best evidence rules, KRE 1001-1008, a witness cannot testify regarding the content of certain papers unless the party moving to admit the testimony admits the actual papers into evidence.

However, the best evidence rule applies only when a party is trying to prove *the content* of a writing. Robert G. Lawson, The Kentucky Evidence Law Handbook §7.20(4) (4th ed. 2003). The mere existence of a writing that could prove a material fact does not automatically trigger application of the rule. Id. In the case at bar, the Commonwealth was not eliciting testimony to prove the contents of the papers but to provide evidence that the bag containing scales

4

belonged to Hill.[1]  Since the content of the papers were not in question, the best evidence rule does not compel the production of the papers, and oral testimony can be elicited.  See Bower v. Commonwealth, 357 S.W.2d 333, 335 (Ky. 1962) (a pre-rules case holding that it was not necessary to produce a document with a vehicle identification number on it since the document itself was not in question and oral testimony about the vehicle identification number would be adequate).  See also State v. Williams, 710 N.W.2d 427, 431 (N.D. 2006) (holding that testimony about a deed proving that the defendant did not own certain property did not compel the production of the deed because the issue was not proving the contents of the deed), Lilly v. State, 649 A.2d 1055 (Del. 1994) (ruling that a witness could testify that the defendant's name was in a tavern sign-in book without production of the document).  Thus, there was no error in the trial court's admission of testimony regarding the presence of Hill's name on papers found in a nylon bag along with drug paraphernalia without production of the papers.

**III. Hill was not denied due process when the Commonwealth failed to collect the papers found in the bag and when the trial court denied Hill's request for a missing evidence instruction.**

Hill's third allegation is that he was denied due process by the Commonwealth's failure to collect the court papers found in the bag with the scale.  Hill believes that the police's failure to collect the papers shows bad faith.  He implies that the court papers would have been collected if they did not contain

---

[1] In addition to the testimony about Hill's name being on the court papers, there was testimony from Whitehead that the bag belonged to Hill and several witnesses who testified that men's clothing was located in the bag.

5

exculpatory evidence. Thus, Hill argues that the trial court should have provided a missing evidence instruction.

A failure to preserve potentially useful evidence does not rise to a violation of due process without a showing that the police acted in bad faith. Collins v. Commonwealth, 951 S.W.2d 569, 572 (Ky. 1997) (citing Arizona v. Youngblood, 488 U.S. 51, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988)). In this matter, Hill fails to show that the police acted in bad faith. Other than conjecture, Hill provides nothing to suggest that the papers contained exculpatory evidence or that the police acted in bad faith by not collecting them.

The lack of a missing evidence instruction also does not show a lack of due process in this case because our decision in Collins does not compel an instruction in a situation like this. See Collins, 951 S.W.2d at 573 (holding that providing a missing evidence instruction in a situation where the police failed to collect potentially exculpatory evidence provided "more process than was due"). In fact a missing evidence instruction would have been improper. See Estep v. Commonwealth, 64 S.W.3d 805, 810 (Ky.2002) (stating that absent some degree of bad faith a defendant is not entitled to an instruction that the jury may draw an adverse inference from the failure to preserve or collect any evidence). Thus, no error occurred.

**IV. The jury instructions on possession of drug paraphernalia were proper**

The next allegation of error is that the jury instructions given on the charge of possession of drug paraphernalia did not satisfy the requirement of unanimity. See Hayes v. Commonwealth, 625 S.W.2d 583 (Ky. 1981), Boulder v.

Commonwealth, 610 S.W.2d 615 (Ky. 1980), Davis v. Commonwealth, 967 S.W.2d 574, 582 (Ky. 1998), Burchett v. Commonwealth, 98 S.W.3d 492 (Ky. 2003). Since this issue was not preserved for review, it must be reviewed under a palpable error standard. RCr 10.26. The jury instructions provided by the trial court were as follows:

> You will find the Defendant guilty of Possession of Drug Paraphernalia under this instruction if and only if you believe from the evidence beyond a reasonable doubt, all of the following:
> A. That in this county on or about May 5, 2004, and before the finding of the indictment herein, he, acting alone or in complicity with others, had in his possession a pipe and/or straws and/or scales and/or a cutting agent, and/or rolling papers and/or plastic baggies; AND
> B. That he, acting alone or in complicity with others, did so with the intent to use said items to inhale or ingest or otherwise introduce into the human body a controlled substance and/or to package a controlled substance and/or to store a controlled substance and/or to conceal a controlled substance and/or to contain a controlled substance.

Hill argues that the jury instructions gave alternative theories of the crime that were not supported by evidence presented by the Commonwealth. In particular he believes that the instruction regarding the straws, cutting agent, rolling papers, and plastic baggies are unsupported by the evidence. Since those items were found in Whitehead's master bedroom, Hill argues he did not have possession of the items or knowledge of their existence.

Hill's argument is not persuasive. The evidence presented at trial could reasonably convince a juror that Hill had constructive possession of the items or, at least, he was complicit in Whitehead's possession of the items with intent to use them for illicit purposes. It was presented at trial that Hill stayed in Whitehead's house for up to two weeks before the police search of the house. There was also evidence that Whitehead's house was used for drug trafficking.

7

Whitehead further testified that Hill had sold her methamphetamine before and had used it with her. A reasonable juror could analyze these facts and conclude that Hill not only knew Whitehead was a methamphetamine user and dealer but actively helped her perform these tasks. It is also completely reasonable to assume that Hill was present when Whitehead used the paraphernalia found in the bedroom and may have used it himself. See Clay v. Commonwealth, 867 S.W.2d 200, 202-03 (Ky. 1993) (holding that it was not unreasonable for a jury to assume defendant had constructive possession of cocaine when it was found in her house in areas she had likely been). We find no palpable error.

**V. The prosecutor did not violate the "Golden Rule" in making her closing arguments at trial.**

Hill's final allegation of error is that the prosecutor violated the "Golden Rule" by trying to make the jury feel victimized by the actions of Hill. This issue was not preserved for review at the trial court and it must be reviewed under a palpable error standard. RCr 10.26. The Golden Rule argument involves the prosecutor asking jurors to place themselves in the victim's position and rule accordingly. Lycans v. Commonwealth, 562 S.W.2d 303, 305 (Ky. 1978). Hill believes that this rule was violated by the following statements from the Commonwealth's attorney:

> Communities speak through their juries. Meth and its distribution in our community is a scourge...twenty-five years in the penitentiary is not really twenty-five years in the penitentiary...He's not a user, he's a dealer. And he is peddling this crap in our community...Mercy to the guilty is cruelty to the innocent.

Hill also alleges that the statement "This is not the defendant's first rodeo. And he apparently did not learn anything the first time around," led the jury to presume guilt and skip to the sentencing phase improperly.

Yet, this Court has always given broad latitude in allowing counsel to present a case to the jury. Morgan v. Commonwealth, 189 S.W.3d 99, 114 (Ky. 2006). A trial will not be reversed based upon the closing arguments unless the statements made render the entire trial fundamentally unfair. Stopher v. Commonwealth, 57 S.W.3d 787, 805 (Ky. 2001). While the statements made by the Commonwealth's attorney are impassioned, they do not render the entire trial "fundamentally unfair." See Morgan, 189 S.W.3d at 114. (holding that closing statements including the words "give him a clear, strong message ... that this won't be tolerated in Ballard County. That we are going to be safe. [The victim] can be safe, as long as he is locked away" were within the broad latitude afforded counsel). In addition, the statement "This is not the defendant's first rodeo," does not appear to be concluding that Hill is guilty, but is a permissible comment on Hill's prior drug related offenses. Thus, the prosecutor's closing statements do not constitute palpable error.

For the reasons set forth herein, the judgment and sentence of the Grayson Circuit Court is affirmed.

All concur.

ATTORNEY FOR THE APPELLANT

Rebecca Lynn Hobbs
Assistant Public Advocate
Department of Public Advocacy
100 Fair Oaks Lane, Suite 302
Frankfort, KY 40601

ATTORNEY FOR THE APPELLEE

Gregory Stumbo
Attorney General of Kentucky

Clint Evans Watson
Assistant Attorney General
Office of Criminal Appeals
Office of the Attorney General
1024 Capital Center Drive
Frankfort, KY 40601