RENDERED: JUNE 23, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0194-MR

CHRISTIAN L. COTTON        APPELLANT

APPEAL FROM CALLOWAY CIRCUIT COURT
v.        HONORABLE JAMES T. JAMESON, JUDGE
ACTION NO. 19-CR-00255

COMMONWEALTH OF KENTUCKY        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ECKERLE, KAREM, AND MᴄNEILL, JUDGES.

MᴄNEILL, JUDGE: In 2021, Appellant, Christian L. Cotton, was convicted by a Calloway County jury of first-degree sexual abuse involving a minor, Z.W. Candice Reeder is the victim's mother and was Cotton's girlfriend at the time. The jury recommended a sentence of ten years' imprisonment, which was ordered by the court. Cotton now appeals to this Court as a matter of right. For the following reasons, we affirm.

The facts of the underlying offense are of minimal relevance to the issues on appeal. Cotton raises two arguments: 1) He was denied his right to cross-examine Reeder about her felony conviction; and 2) The Commonwealth's closing argument was improper and violated the "golden rule."[1] Neither of these arguments is preserved. Cotton requests that we review for palpable error pursuant to RCr[2] 10.26 as follows:

> A palpable error which affects the substantial rights of a party may be considered by the court on motion for a new trial or by an appellate court on appeal, even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that manifest injustice has resulted from the error.
>
> . . . .
>
> For an error to rise to the level of palpable, it must be easily perceptible, plain, obvious and readily noticeable. Generally, a palpable error affects the substantial rights of the party only if it is more likely than ordinary error to have affected the judgment.

*Martin v. Commonwealth*, 409 S.W.3d 340, 344 (Ky. 2013) (internal quotation marks and citations omitted).

---

[1] "In a criminal case a golden rule type of argument is one that urges the jurors collectively or singularly to place themselves or members of their families or friends in the place of the person who has been offended and to render a verdict as if they or either of them or a member of their families or friends was similarly situated." *Lycans v. Commonwealth*, 562 S.W.2d 303, 305 (Ky. 1978).

[2] Kentucky Rules of Criminal Procedure.

Cotton's first argument is that he was denied his right to cross-examine Reeder about her felony conviction, in violation of KRE[3] 608(b) and KRE 609(a). We disagree. Reeder never denied being a felon. No record whatsoever of her alleged felony was established. There was no error here, and certainly no palpable error. However, having reviewed the relevant portion of the video record here, we take this opportunity to reiterate the Supreme Court's admonition in *Marchese v. Aebersold*,

> [W]e have expressly rejected CourtNet, the Kentucky Court of Justice's online database of criminal convictions from Kentucky courts, as a valid source for taking judicial notice of a Kentucky criminal conviction. Instead, a true copy of the authenticated official court record is required.

530 S.W.3d 441, 447 (Ky. 2017).

As to his second issue on appeal, Cotton correctly states that, during closing arguments, the Commonwealth's attorney asked the jury to put themselves in the shoes of Reeder as to why she would have delayed reporting her daughter's abuse. The prosecutor also discussed Z.W. in a similar vein concerning her reliability as a witness. He did so in response to defense counsel's closing argument, who first asked the jury to put themselves in the shoes of Reeder and Z.W. Defense counsel also alluded to Reeder and Z.W.'s delay in reporting and

---

[3] Kentucky Rules of Evidence.

asked the jury to draw their inferences accordingly.  Therefore, any error here was proceeded by defense counsel engaging in the same or similar statements.  Furthermore, Z.W. testified at length and in great detail during trial concerning the sexual abuse.  With these considerations in mind, and in light of our palpable error standard of review, we cannot conclude that the prosecutor's closing argument constitutes "manifest injustice" or that it "affected the judgment."  *Martin*, 409 S.W.3d at 344.  Therefore, we affirm.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Adam Meyer
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Matthew F. Kuhn
Solicitor General

Brett R. Nolan
Principal Deputy Solicitor General

Rachel A. Wright
Assistant Solicitor General
Frankfort, Kentucky